UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

E‌RIC L‌EE V‌AN‌Z‌ANT,

       Plaintiff,                                Hon. Paul L. Maloney

v.                                                 Case No. 1:24-cv-1033

N‌EWAYGO C‌OUNTY C‌HILD
P‌ROTECTIVE S‌ERVICES,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Newaygo County Child Protective Services' Motion to Dismiss. (ECF No. 10). The motion is fully briefed and ready for decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted with respect to the federal claims. The undersigned further recommends that the Court decline to exercise supplemental jurisdiction over the state law claim and that this action be terminated.

## BACKGROUND

Plaintiff Eric Vanzant initiated this action against Newaygo County Child Protective Services (CPS) alleging that it unlawfully removed his daughter from his care and placed her in foster care for 10 months. He states that the removal stemmed from the Fremont Middle School principal contacting the police and CPS

following an allegation that Plaintiff assaulted his daughter. Plaintiff further alleges that he was never charged with any crime related to the alleged assault and that there was "no proof of [a] black eye or fat lip." (ECF No. 1 at PageID.3).

Based on the above allegations, Plaintiff asserts claims under the Fourth, Eighth, and Fourteenth Amendments, as well as a defamation state law claim. He seeks damages in the amount of $2,000,000.00.

## ANALYSIS

The Court must construe *pro se* pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Although "*pro se* complaints are held to less stringent standards," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), courts do not "abrogate [the] basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

A motion to dismiss under Rule 12(b)(1) may come in the form of either a "facial attack" or a "factual attack." *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009). A facial attack "questions merely the sufficiency of the pleadings." *Id.* at 376.

> "[W]hen reviewing a facial attack, a district court takes the allegations in the complaint as true . . . . If those allegations establish federal claims, jurisdiction exists." However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."

*Id.* (internal citations omitted). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598

(6th Cir. 1994). Here, Defendant's assertion of Eleventh Amendment immunity constitutes a facial attack on this Court's jurisdiction. *See Edwards v. Commonwealth of Ky. Revenue Cabinet*, 22 F. App'x 392, 393 (6th Cir. 2001) ("Eleventh Amendment immunity constitutes a jurisdictional bar, and neither supplemental jurisdiction nor any other basis for jurisdiction overrides Eleventh Amendment immunity.").

"It is a fundamental principle of our federalism that the Eleventh Amendment bars suit against a state or one of its agencies in federal court without its consent." *Salt Lick Bancorp v. FDIC*, 187 F. App'x 428, 442 (6th Cir. 2006). This is true regardless of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1964). Newaygo County Children's Protective Service is a local office of the Michigan Department of Health and Human Services, which is a state agency. As a state agency, the Eleventh Amendment applies to Plaintiff's federal claims brought under 42 U.S.C. § 1983. *See Binkowski v. Family & Children's Serv. Agency*, 39 F. Supp. 2d 882, 887 (W.D. Mich. 1998) (holding that the county offices of the Department of Social Services are state agencies for purposes of Eleventh Amendment immunity); *see also Harris v. Macomb Cnty. Children's Protective Servs.*, No. 2:23-CV-10434, 2023 WL 2541319, at *2 (E.D. Mich. Mar. 16, 2023) (noting that employees of Macomb County CPS sued in their official capacities are employees of the State of Michigan and covered by the Eleventh Amendment). Furthermore, Michigan has not waived its Eleventh Amendment immunity. S*ee Doe v. Wigginton*,

-3-

21 F.3d 733, 736-37 (6th Cir. 1994). Accordingly, Plaintiff's federal claims against Defendant are barred by the Eleventh Amendment.[1]

Because Defendant is entitled to Eleventh Amendment immunity on Plaintiff's federal claims, the defamation state law claim should also be dismissed. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). As discussed above, the undersigned recommends that Plaintiff's federal law claims be dismissed. Accordingly, the undersigned recommends that the Court decline to exercise jurisdiction over the state law claim and instead dismiss such claim without prejudice so that Plaintiff may pursue them in the appropriate state forum.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss (ECF No. 10) be granted with respect to the federal claims and that Plaintiff's remaining state law claim be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). For the same reasons the undersigned makes

---

[1] Because Defendant is entitled to Eleventh Amendment immunity, the undersigned need not address Defendant's argument that the claims should be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                               Respectfully submitted,

Date: August 13, 2025                        /s/ Phillip J. Green
                                               PHILLIP J. GREEN
                                               United States Magistrate Judge