UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ERIC LEE VANZANT, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:24-cv-1033 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| NEWAYGO COUNTY CHILD PROTECTIVE SERVICES, | ) ) | |
| Defendant. | ) ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Eric Vanzant, proceeding without the assistance of counsel, filed a lawsuit against Newaygo County Child Protective Services. Plaintiff pleads both constitutional and state law claims. Defendant filed a motion to dismiss (ECF No. 10). The Magistrate Judge issued a report concluding that Defendant enjoys immunity from the federal claims under the Eleventh Amendments (ECF No. 19). The Magistrate Judge recommends granting Defendant's motion by dismissing the federal claims and declining to exercise supplemental jurisdiction over the state law claims. Plaintiff filed objections (ECF Nos. 20 and 21).[1] The court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §

---

[1] Plaintiff filed two copies of his objections. The first copy (ECF No. 20) does not include page 3. The second copy (ECF No. 21) includes page 3.

636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Plaintiff objects to the legal conclusion that the Eleventh Amendment applies to lawsuits brought against a state by its own citizens.  Plaintiff reasons that the text of the Eleventh Amendment does not prohibit such lawsuit.

The court overrules Plaintiff's objection. Plaintiff correctly summarizes the text of the amendment.  More than two hundred years ago, however, our Supreme Court considered and rejected this very argument.  *Hans v. Louisiana*, 134 U.S. 1, 10-11 (1890); *see Alden v. Maine*, 527 U.S. 706, 727-28 (1999) ("Following this approach, the Court has upheld States' assertions of sovereign immunity in various contexts *falling outside the literal text of the Eleventh Amendment.*  In *Hans,* the Court held that sovereign immunity barred a citizen from suing his own State under the federal-question head of jurisdiction.  The Court was unmoved by the petitioner's argument that the Eleventh Amendment, by its terms, applied only to suits brought by citizens of other States[.]") (italics added).  This court must follow Supreme Court precedent.

Accordingly, the court **ADOPTS** the report and recommendation (ECF No. 19).  The court **GRANTS** Defendant's motion to dismiss (ECF No. 10). **IT IS SO ORDERED.**

Date:   September 8, 2025                                     /s/  Paul L. Maloney
                                                              Paul L. Maloney
                                                              United States District Judge